## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION** | ) |
| 815 Eddy Street | ) |
| San Francisco, CA 94109, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **DEPARTMENT OF JUSTICE** | ) |
| 950 Pennsylvania Avenue, N.W. | ) |
| Washington, DC 20530, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR INJUNCTIVE RELIEF

1.      This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for injunctive and other appropriate relief. Plaintiff seeks the processing and release of records requested from defendant Department of Justice. Specifically, plaintiff seeks the disclosure of records that document or reflect the agency's work to reinterpret or amend a federal law that provides civil immunity for online intermediaries when another person claims user-generated content posted on the service is unlawful, 47 U.S.C. § 230.

## JURISDICTION AND VENUE

2.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3.      Plaintiff Electronic Frontier Foundation ("EFF") is a not-for-profit corporation established under the laws of the Commonwealth of Massachusetts, with offices in San Francisco, California and Washington, D.C. EFF is a member-supported organization working to inform

policymakers and the general public about civil liberties issues related to technology and to act as a defender of those liberties. In support of its mission, EFF uses the FOIA to obtain and disseminate information concerning the activities of federal agencies.

4. Defendant Department of Justice ("DOJ") is a Department of the Executive Branch of the United States Government. DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f).

## BACKGROUND

5. EFF's FOIA request to DOJ arises out of another FOIA case pending before this Court, *EFF, et al. v. OMB, et al.* No. 20-cv-02689 (D.D.C. Sept. 22, 2020) ("the earlier case"). That FOIA suit seeks records regarding OMB's and DOJ's work to implement the Executive Order on Preventing Online Censorship issued by the president on May 28, 2020.[1]

6. In the earlier case the DOJ identified numerous records that the agency deemed potentially responsive to EFF's FOIA request in that case. Specifically, DOJ identified "1,500 potentially responsive documents and approximately 3,800 potentially responsive items." *See* No. 20-cv-02689, Jan. 14, 2021 Joint Status Report (Dkt. No. 10).

7. Since identifying the 1,500 documents and 3,800 items in the earlier case, DOJ has not processed or released any of the identified materials to EFF.

### Plaintiff EFF's FOIA Request

8. By letter to defendant DOJ dated Feb. 28, 2022, EFF submitted a FOIA request seeking the materials DOJ has identified, but not produced, in the earlier case. Specifically, EFF's request sought:

- Any and all records the DOJ identified as "potentially responsive" to EFF's FOIA request in [the earlier case], including the "1,500 potentially responsive documents and approximately 3,800 potentially responsive items" the DOJ identified in a January 14, 2021 Joint Status Report (Dkt. No. 10) filed with the Court.

---

[1] The president rescinded the Executive Order in May 2021.
https://www.whitehouse.gov/briefing-room/presidential-actions/2021/05/14/executive-order-on-the-revocation-of-certain-presidential-actions-and-technical-amendment/.

- Any and all other records created or received from January 2016 through January 2021 that concern, reference, or otherwise discuss Section 230, including any and all documents reflecting any work done by the DOJ concerning any aspect of the May 28, 2020 Executive Order on Preventing Online Censorship, EO 13925.

9. EFF also attached a copy of the Jan. 14, 2021 Joint Status Report in the earlier case that it referenced in its Feb. 28, 2022 FOIA request.

10. EFF's FOIA request to DOJ sought a News Media Fee Waiver pursuant to 5 U.S.C. § 552(a)(4)(a)(ii)(II) and a Public Interest Fee Waiver pursuant to 5 U.S.C. § 552(a)(4)(a)(iii).

11. By letter dated March 21, 2022, defendant DOJ acknowledged receipt of EFF's FOIA request. In the letter, the DOJ claimed "unusual circumstances" pursuant to 5 U.S.C. § 552(a)(6)(B) required extending the defendant's response time to EFF's request by ten days.

12. To date, EFF has received no further correspondence from Defendant DOJ regarding its FOIA request.

13. To date, defendant DOJ has not yet released a single document in response to EFF's FOIA request.

14. Defendant DOJ has exceeded the twenty-day statutory deadline for the processing of this request, and the ten-day "unusual circumstances" extension of the twenty-day statutory deadline for the processing of this request.

15. EFF has exhausted all applicable administrative remedies with respect to its FOIA request to defendant DOJ dated Feb. 28, 2022.

16. Defendant DOJ has wrongfully withheld the requested records from EFF.

## CAUSES OF ACTION

**Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records**

17. Plaintiff repeats and realleges paragraphs 1-16.

18. Defendant has wrongfully withheld agency records requested by EFF by failing to comply with the statutory time limit for the processing of FOIA requests.

19. EFF has exhausted the applicable administrative remedies with respect to

defendant's wrongful withholding of the requested records.

      20.    EFF is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

## REQUESTED RELIEF

WHEREFORE, plaintiff prays that this Court:

      21.    order defendant to process the requested records in their entirety;

      22.    order defendant to disclose the requested records in their entirety and make copies available to plaintiff;

      23.    order defendant to waive all fees associated with the processing and release of the requested records;

      24.    provide for expeditious proceedings in this action;

      25.    award plaintiff its costs and reasonable attorney's fees incurred in this action; and

      26.    grant such other relief as the Court may deem just and proper.

DATED: April 20, 2022          Respectfully submitted,

                        By:  /s/ Aaron Mackey

                            AARON MACKEY
                            D.C. Bar No. 1017004
                            Electronic Frontier Foundation
                            815 Eddy Street
                            San Francisco, CA 94109
                            (415) 436-9333

                            DAVID L. SOBEL
                            D.C. Bar No. 360418
                            Electronic Frontier Foundation
                            5335 Wisconsin Avenue, N.W.
                            Suite 640
                            Washington, DC 20015
                            (202) 246-6180

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION