UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>*Plaintiff*,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>*Defendant*. | Civil Action No. 22-1164 (TJK) |

## ANSWER

Defendant, the United States Department of Justice ("DOJ"), by and through undersigned counsel, respectfully submits this Answer to the Complaint filed by Plaintiff, the Electronic Frontier Foundation ("EFF"), making claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant denies all allegations in the Complaint not specifically admitted or otherwise addressed in this Answer. To the extent that the Complaint or this Answer reference materials from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents. However, such references are not, and should not be construed to be, an admission that the cited materials are: (1) accurately or completely quoted or cited by Plaintiff, (2) relevant to the above-captioned action, or to any other action, or (3) admissible in the above-captioned action, or in any other action. Defendant submits responses to the Complaint in like-numbered paragraphs as follows:

## COMPLAINT FOR INJUNCTIVE RELIEF[1]

1. The allegations in this paragraph consist of Plaintiff's characterization of this action, to which no response is required. To the extent that a response is required, Defendant admits that this action purports to be brought under FOIA and denies the remaining allegations. To the extent that the allegations in this paragraph reference records that Plaintiff seek, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate description of its contents.

## JURISDICTION AND VENUE

2. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent of response is deemed required, Defendant denies the allegations as stated, but admits that the Court has subject matter jurisdiction over proper claims brought under FOIA. Defendant also admits that venue is proper in this Judicial District.

## PARTIES

3. This paragraph contains Plaintiff's characterization of itself, to which no response is required. To the extent that a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the accuracy of the allegations.

4. Defendant admits that it is an agency of the Executive Branch of the United States Government and that it is subject to the FOIA.

---

[1] Defendant replicates the headings contained in the Complaint for ease of reference only. Defendant maintains that no response is required to such headings. To the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

## BACKGROUND

5.      The first sentence of this paragraph contains Plaintiff's characterization of the origins of its FOIA request, to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff submitted a separate FOIA request to Defendant, which is the subject of litigation before this Court in Case No: 20-cv-2689. Defendant respectfully refers the Court to the FOIA request in that matter for a complete and accurate description of its contents.

6.      Defendant admits that a Joint Status Report was filed with this Court on January 14, 2021, in Case No. 20-cv-02689. The remainder of this paragraph contains Plaintiff's characterization of the January 14, 2021, Joint Status Report, to which Defendant respectfully refers the Court for a complete and accurate description of its contents.

7.      Defendant admits that it has not provided any responses to Plaintiff's FOIA request which is the subject of this action.

## PLAINTIFF EFF'S FOIA REQUEST

8.      Defendant admits that it received a FOIA request from Plaintiff dated February 28, 2022. Defendant respectfully refers the Court to Plaintiff's February 28, 2022, FOIA request for a complete and accurate description of its contents.

9.      Defendant admits that it received a FOIA request from Plaintiff dated February 28, 2022. Defendant respectfully refers the Court to Plaintiff's February 28, 2022, FOIA request for a complete and accurate description of its contents.

10.     Defendant admits that Plaintiff's February 28, 2022, FOIA request contain sections titled "News Media Fee Waiver" and "Public Interest Fee Waiver." Defendant respectfully refers the Court to Plaintiff's February 28, 2022, FOIA for a complete and accurate description of its contents.

11. Defendant admits that by letter dated March 21, 2022, it acknowledged receipt of Plaintiff's February 28, 2022, FOIA request. Defendant respectfully refers the Court to the March 21, 2022, letter for a complete and accurate description of its contents.

12. Defendant admits that it has had no further communication with Plaintiff regarding its February 28, 2022, FOIA request.

13. Defendant admits that it has not provided any responses to Plaintiff's February 28, 2022, FOIA request.

14. This paragraph contains conclusions of law, to which no response is required.

15. This paragraph contains conclusions of law, to which no response is required.

16. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations.

## CAUSES OF ACTION

17. Defendant incorporates by reference its responses in all preceding paragraphs.

18. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations.

19. This paragraph contains conclusions of law, to which no response is required.

20. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to injunctive relief.

## REQUESTED RELIEF

All remaining paragraphs (numbered Paragraphs 21 – 26) of the Complaint contain requests for relief, to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to relief.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

### FIRST DEFENSE

Defendant's actions did not violate the FOIA or any other statutory or regulatory provision.

### SECOND DEFENSE

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions enumerated in FOIA, 5 U.S.C. § 552(b), where disclosure would cause foreseeable harm.

### THIRD DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA. *See* 5 U.S.C. § 552.

### FOURTH DEFENSE

Plaintiff's FOIA request fails to reasonably describe the records sought and fails to provide sufficient information to enable Defendant to locate such records with a reasonable amount of effort. *See id.* § 552(a)(3)(A); 28 C.F.R. § 16.3(b).

### FIFTH DEFENSE

Plaintiff is not entitled to attorneys' fees and costs.

Dated: June 7, 2022					Respectfully Submitted,

							MATTHEW D. GRAVES
							D.C. Bar No. 481052
							United States Attorney

							BRIAN P. HUDAK
							Chief, Civil Division

							/s/ *T Anthony Quinn*
							T. ANTHONY QUINN
							D.C. Bar No. 415213
							Assistant United States Attorney
							Civil Division
							601 D Street, NW
							Washington, D.C. 20530
							Phone: (202) 252-7558
							Tony.Quinn2@USDoJ.Gov

							*Counsel for the Defendant*